HENRY R. LOOMIS & others *vs.* CITY OF BOSTON
(and a companion case[1]).

Suffolk. October 9, 1953. — February 18, 1954.

Present: QUA, C.J., RONAN, SPALDING, & WILLIAMS, JJ.

*Parks. Municipal Corporations*, Parks, Trusts. *Deed*, Construction. *Trust*, Express trust: what constitutes; Charitable trust.

The words "for the purposes of a public park" in the granting clause of a deed conveying land in fee to the city of Boston in 1883 did not create a trust upon which the city accepted and held the land where it appeared that the land was paid for by and not donated to the city and was included in a taking by the city by eminent domain for park purposes in 1890 under St. 1875, c. 185. [131–132]

Certain land either purchased or taken by eminent domain by the city of Boston for park purposes, not upon any trust, was held by the city subject to the power of the Legislature to authorize its sale or lease for private use upon determining that it was no longer needed for park or other public uses, and such power was validly exercised by St. 1951, c. 199. [132]

----

[1] The companion case, called the *Kaye* case, is a petition for a writ of mandamus described in the opinion.

· PETITION IN EQUITY, filed in the Superior Court on May 18, 1951, by leave of court. Also a

PETITION for a writ of mandamus, filed in the Superior Court on April 9, 1951.

The cases were heard together by *Swift*, J., who reserved and reported them for determination by this court.

*Richard A. Kaye*, for the petitioners.

*William A. McDermott*, Assistant Corporation Counsel, for the respondent city of Boston and others.

*Cornelius J. Moynihan*, (*Joseph J. Gottlieb* with him,) for the respondent Sears, Roebuck and Co.

QUA, C.J. The *Loomis* case is brought by eleven taxpayers of Boston, under G. L. (Ter. Ed.) c. 214, § 3 (11), to restrain the respondent city of Boston from selling or leasing to Sears, Roebuck and Co. under the supposed authority of St. 1951, c. 199, land in Boston included within the description contained in the statute last cited, which is quoted in the footnote.[1] The petition makes allegations as follows. The land to which this case relates has been used by the city as a public park for more than fifty years. It was conveyed by several deeds to the city in 1883 in fee "for the purposes of a public park."[2] The same land was also included in a taking by the city by eminent domain in 1890 under St. 1875, c. 185, § 3, which authorized the city through its board of park commissioners to take land in fee for public parks. A sale or lease to Sears, Roebuck and Co., which intends to use the land as a parking lot, would, it is alleged, violate the trust upon which the city holds the land. The prayers are for injunctive and declaratory relief.

---

[1] Statute 1951, c. 199, § 1, reads: "Notwithstanding any contrary provision of general or special law, the city of Boston, by its mayor, may sell or lease to Sears, Roebuck and Co., a New York corporation having a usual place of business in said city, any part or parts or the whole of the land in said city bounded northeasterly by Park drive, southeasterly by Brookline avenue, southwesterly by the Riverway, and northwesterly by a line parallel to, and five hundred feet northwesterly of, the northwesterly side line of Brookline avenue, and held by said city for public park purposes; provided, that the board of park commissioners of said city shall, by vote at a regular or special meeting of said board, assent to the sale; and provided, further, that the sale is authorized by a vote of a majority of all the members of the city council of said city, approved by its mayor."

[2] A deed of a small undivided interest in a portion of the land did not contain the words quoted.

The *Kaye* case is brought by one taxpayer of Brookline and six taxpayers of Boston, against the city of Boston, its mayor, its commissioners of the park department, and Sears, Roebuck and Co., to obtain a writ of mandamus to prevent any sale or lease to Sears, Roebuck and Co. of a second parcel also included within the description contained in the statute and alleged to have been taken by the city for park purposes on April 30, 1890, under St. 1875, c. 185. The respondents other than Sears, Roebuck and Co. deny the vital allegations of the petition. The respondent Sears, Roebuck and Co., besides denying the vital allegations of the petition, prays for a binding determination that the city may make the sale or lease in question.

Both cases were heard together before a judge of the Superior Court. He found that the land to which the second case relates "was not landscaped and continued to have a barren appearance," and was not attractive as a park. He found that "extensive park land in the immediate vicinity is available for the use of the public." He found that the Legislature did not act unreasonably, arbitrarily or capriciously in determining that the land involved in both cases is no longer needed for park or other public uses or in authorizing a sale or lease to Sears, Roebuck and Co.

The judge found that the city paid $33,669.90 for the land involved in the first case, that the land was not a gift, and that the words "for the purposes of a public park," occurring in the deeds did not create a trust. He found that the petitioners do not have or claim any private interest in the land. He found that the taking by eminent domain annulled any trust that might previously have existed. He ordered the petition for a writ of mandamus dismissed, and reserved and reported both cases.

General Laws (Ter. Ed.) c. 214, § 3 (11), provides for suits to enforce the purposes of "any gift or conveyance which has been or shall have been made to and accepted by" any municipal corporation "for a specific purpose or purposes in trust or otherwise." The judge found that the words of the deeds did not create trusts, and we think he was right. The

land was not donated to the city but was either conveyed and paid for or was taken by eminent domain. Nothing in the record suggests that the land conveyed was not paid for at its full value. It would be unusual, to say the least, for vendors to restrict by a trust to a single use land which the vendee had fully paid for. The words "for the purposes of a public park," which are found in the granting clauses of the deeds, may well be held to state only the use to which the city intended to devote the land, and not to create any enforceable trust. *MacDonald* v. *Street Commissioners of Boston,* 268 Mass. 288, 294–297.

Since it has not been shown that any of the land was held by the city in trust, it is not necessary to decide whether, if it had been, the Legislature would have been precluded from authorizing its sale under the doctrine of *Cary Library* v. *Bliss,* 151 Mass. 364, *Adams* v. *Plunkett,* 274 Mass. 453, and *Milton* v. *Attorney General,* 314 Mass. 234, 240, upon which the petitioners rely.

In so far as G. L. (Ter. Ed.) c. 214, § 3 (11), authorizes suits to enforce the purposes of any conveyance "otherwise" than in trust it seems enough to say that the section has been superseded as to the lands in question by the act of 1951.

In our opinion the city held all the land involved in both cases subject to the power of the Legislature to authorize its sale or lease. *Lowell* v. *Boston,* 322 Mass. 709, 730–731. That power does not appear to have been exercised arbitrarily or whimsically. The proposed sale or lease to Sears, Roebuck and Co. will be lawful, and cannot be restrained.

In the first case a decree is to be entered that St. 1951, c. 199, is constitutional and valid as to the land in question. In the second case judgment is to be entered dismissing the petition and granting to the respondent Sears, Roebuck and Co. the declaratory relief prayed for by it.

*So ordered.*