LESTER BROOKS & others *vs.* CITY OF BOSTON & another.

Suffolk.    May 10, 1956. — June 6, 1956.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Parks. Municipal Corporations,* Parks, Trusts. *Trust,* What constitutes, Charitable trust. *Gift. Constitutional Law,* Use of public money or property.

Land taken by eminent domain for a park by a city, which subsequently paid a judgment in a proceeding for assessment of damages and received a deed of the land, was not given to the city nor held by it on a trust, and a sale of the land by it for private use many years later by express authorization of the Legislature could not be restrained in a suit under G. L. (Ter. Ed.) c. 214, § 3 (11).

St. 1955, c. 36, § 1, authorizing the city of Boston to "sell" and convey park land of the city to the Hebrew Home for Aged, a charitable corporation, was not contrary to art. 46, § 2, of the Amendments to the Constitution of Massachusetts.

PETITION IN EQUITY, filed in the Superior Court on May 19, 1955, by leave of court, against the city of Boston.

Hebrew Home for Aged was permitted to intervene. The case was heard by *Morton, J.*

*Lenahan O'Connell,* for the petitioners, submitted a brief.

*William L. Baxter,* Corporation Counsel, *& William A. McDermott,* Assistant Corporation Counsel, for the respondent, submitted a brief.

*Joseph Kruger,* (*Sydney Berkman* with him,) for the intervener.

RONAN, J.    This is an appeal from a final decree dismissing a bill in equity brought by eleven taxpayers under

G. L. (Ter. Ed.) c. 214, § 3 (11), to compel the respondent city to continue to maintain the parcel of land known as Joyce Kilmer Park and to prevent its sale to the Hebrew Home for Aged.

The land in question was taken on October 22, 1894, by the board of park commissioners by virtue of St. 1875, c. 185. The owners brought a petition for the assessment of damages on May 29, 1895. An agreement for judgment was entered in accordance with which an execution issued for $63,000 and costs and was satisfied on April 2, 1896. The landowners by deed dated March 28, 1896, conveyed the said land to the city. The habendum clause read as follows: "To Have and to Hold the aforegranted premises to the said City of Boston in fee simple forever." Other than clearing the underbrush, removing fallen trees, and shoring up and changing the course of a brook, the locus has been maintained in its natural condition. Children of the neighborhood have used a portion of it as a playground. There is a trail running through the park and also bridle and other paths.

The statute, G. L. (Ter. Ed.) c. 214, § 3 (11), provides for suits to enforce the purposes of "any gift or conveyance which has been or shall have been made to and accepted by" any municipal corporation "for a specific purpose or purposes in trust or otherwise." There was no gift of the land made to the city. Sixty-three thousand dollars was paid for it — presumably its full value. We agree with the judge that the deed did not create any trust. *MacDonald* v. *Street Commissioners of Boston,* 268 Mass. 288, 294, 297. *Loomis* v. *Boston,* 331 Mass. 129, 131. Furthermore, the city has been expressly authorized to sell and convey the locus to the Hebrew Home for Aged.[1] The statute has been accepted by the city council. There is nothing in the record which sup-

[1] Statute 1955, c. 36, § 1, reads as follows: "The board of park commissioners of the city of Boston, with the approval of the mayor, is hereby authorized to sell and convey to the Hebrew Home for Aged, a charitable corporation organized and existing under the laws of the commonwealth, a certain parcel of land containing nine acres, more or less, bounded by Centre street and Walter street in the West Roxbury section of said city, and known as Joyce Kilmer Park, held by said city for public park purposes."

ports the argument of the petitioners that the making of the conveyance mentioned in c. 36 would violate art. 46, § 2, of the Amendments to our Constitution forbidding the use of public money or property for sectarian purposes. The city held the park only in its municipal capacity as an agency of the government for the benefit of the general public subject to the power of the Legislature to authorize its sale. *Wright* v. *Walcott*, 238 Mass. 432, 437. *Lowell* v. *Boston*, 322 Mass. 709, 730–731. *Loomis* v. *Boston*, 331 Mass. 129, 132.

*Decree affirmed.*