TOWN OF WAKEFIELD *vs.* ATTORNEY GENERAL & others.

Middlesex. May 11, 1956. — November 9, 1956.

Present: WILKINS, C.J., RONAN, SPALDING, & WILLIAMS, JJ.

*Trust*, What constitutes, Charitable trust. *Real Property*, Condition subsequent, Restriction. *Municipal Corporations*, Trusts, Real estate. *Deed*, Construction. *Equity Jurisdiction*, Declaratory relief. *Declaratory Judgment.*

A suit in equity by a town for a declaratory decree as to the nature of its ownership of premises conveyed to it by one later deceased, in which "the heirs of" the grantor were designated as defendants, but, being unknown, were not served with process other than by publication and did not appear, and citizens and taxpayers of the town intervened and the Attorney General appeared, could not be maintained even though the parties before the court agreed to the entry of a declaratory decree. [634–635]

A deed to a town of a lot of land on which the grantor had erected a building designed for municipal purposes, reciting in its preamble that the grantor gave the premises to the town "with the desire and intent that such portions thereof as are adapted thereto shall be from time to time devoted to use for" sundry specified charitable purposes and that it

was his desire "to present the said land and building as a free and un-
restricted gift" to the town, and containing a habendum "to have and
to hold the same" to the town "to its use forever for the uses and pur-
poses above set forth," did not create a trust or impose any conditions
or restrictions.  [636]

BILL IN EQUITY, filed in the Superior Court on January 26,
1955.

The suit was reported by *Sullivan*, J.

*William J. Lee*, Town Counsel, for the plaintiff.

*George M. Poland*, (*Ella M. Dolan* with him,) for the in-
terveners.

*Hugh Morton*, Assistant Attorney General, for the At-
torney General, did not argue.

RONAN, J.   This is a bill in equity brought in behalf of
the town of Wakefield by a committee appointed at a town
meeting to obtain a determination of the nature of the title
of the town in the town hall premises which were given to
it in 1871 by Cyrus Wakefield.   The bill designated "the
heirs of Cyrus Wakefield" as the defendants.   They were
unknown and service of process was made by publication.
They did not appear and the bill was taken as confessed
against them.   Twenty-one citizens and taxpayers of the
town were permitted to intervene.   They and the plaintiff
agreed upon the facts and the suit was submitted as a case
stated and the judge reported it to this court without de-
cision.   The Attorney General appeared after the facts were
agreed upon and joined in the agreement.

Cyrus Wakefield acquired a lot of land upon which he
erected a three story brick building designed for municipal
purposes.   At public exercises held at the site on February
22, 1871, he turned the deed of this land over to the chair-
man of the selectmen.   A preamble in the deed stated that
he did so in consideration of his attachment for the place
where he conducted his business and in recognition of the
honor conferred upon him by naming the town after him
and "with the desire and intent that such portions thereof
as are adapted thereto shall be from time to time devoted
to use for patriotic charitable, scientific, military, literary,

aesthetic, educational, moral and religious purposes and for meetings lectures and addresses promotive thereof; and whereas I desire to present the said land and building as a free and unrestricted gift to said Town for its acceptance." After describing the parcel by metes and bounds the habendum read as follows: "To Have and to Hold the same to the said Town of Wakefield to its use forever for the uses and purposes above set forth." In concluding his speech presenting the deed and keys Wakefield stated that "My only remaining duty . . . is to surrender to your trust and keeping, Mr. Chairman, as a representative of your fellow citizens, in this transaction, the keys of this edifice, and, virtually, the control of its future arrangements." The chairman of the selectmen replied, "we accept this noble structure as a sacred trust." Another speaker stated that "The purposes to which we trust this fine room will ever be devoted are municipal, scientific, patriotic, industrial, charitable, social and moral." The town at the meeting of April 3, 1871, accepted the gift and has since used the building for municipal purposes although the building was partially destroyed by fire in 1950 and has not been fully restored. The town now holds $43,120.79 which it has collected from the fire insurance.

The plaintiff, the interveners, and the Attorney General agreed upon all the material facts and stipulated among them that the plaintiff's bill should be considered as a bill for a declaratory decree and that an actual controversy exists among the inhabitants of the town, some contending that the town has an absolute fee which enables it to sell the estate and convey a clear title, while others contend that the deed subjects the town to a restriction or a trust limiting its use to the purposes mentioned in the deed. The "heirs of Cyrus Wakefield" were made defendants but no service other than by publication was made upon them. None of them appeared. If they had appeared before the court, we do not know whether they would have opposed the contention of the town that it has an unencumbered fee simple or whether they would have argued that the land was subject

to a trust, conditions or restrictions. The case stated does not set forth any actual controversy between the town and the heirs of the grantor. A decree would not terminate any such controversy. The remedy by declaratory decree is not available even if the parties before the court so agree. *Kilroy* v. *O'Connor*, 324 Mass. 238. *Brookline* v. *Co-Ray Realty Co. Inc.* 326 Mass. 206. *Sadler* v. *Industrial Trust Co.* 327 Mass. 10. *Morgan* v. *Banas*, 331 Mass. 694.

The heirs of the grantor were properly made parties to the suit but no service other than by publication was made upon them. They were entitled to notice of the suit. This was not a suit brought by the interveners under G. L. (Ter. Ed.) c. 214, § 3 (11), to enforce the purposes of a "gift or conveyance" made to the town for "specific . . . purposes in trust or otherwise." Neither is it one brought by the town to remove a cloud on title under what is now G. L. (Ter. Ed.) c. 240, §§ 6, 7, yet it is brought for a substantially similar purpose. Service made by publication in accordance with §§ 6, 7, was held valid in *Loring* v. *Hildreth*, 170 Mass. 328, in a proceeding to remove a trust appearing in an undelivered but a recorded deed. In *Mullane* v. *Central Hanover Bank & Trust Co.* 339 U. S. 306, it was decided that notice by publication was sufficient upon any beneficiary whose address was unknown to a bank holding a common trust fund composed of several smaller trusts where no other means of giving notice were practicable or more effective.

The town since the fire of 1950 has been faced with a public problem as to the best means of dealing with the property. Some of its citizens believe that it should be restored, others that it should be demolished, and others that it should be sold. The solution of the problem to a large extent depends upon the nature of the town's ownership. That was the only issue sought to be raised. That question could be properly presented from the facts already agreed upon. Since the matter appears to be one of considerable local public interest and has been argued in this court at length, it is appropriate that we should express our opinion briefly upon the issue. *Wellesley College* v. *Attorney General*, 313 Mass.

722.  *Massachusetts Charitable Mechanic Association* v. *Beede,* 320 Mass. 601.

The deed contained no apt or appropriate words creating a trust.  Whether one was created depended upon the intent of the grantor.  He first names the uses that he desires and intends should be made of the premises and then concludes the same sentence by stating without any exception that "I desire to present the said land and building as a free and unrestricted gift to said Town for its acceptance." This was the plain and unequivocal language of the deed itself.  It superseded the minor flights of oratory made in reference to trusts not infrequent at similar public exercises by those not parties to the deed.  We think the case with reference to a trust is governed by *MacDonald* v. *Street Commissioners of Boston,* 268 Mass. 288, 294–297, and that the town did not take the premises subject to a trust.  See also *Loomis* v. *Boston,* 331 Mass. 129.

Neither did the town accept the land subject to any conditions or restrictions.  Besides what has been said in interpreting the deed, it may be pointed out that the deed did not contain any right of reëntry nor did a reading of the whole deed disclose any such implication.  Forfeiture of estates for breach of conditions is not favored in the law. The deed did not contain any of the words usually associated with a condition or a restriction.  We conclude that the town did not take the conveyance subject to any trust or restriction.  *Rawson* v. *School District in Uxbridge,* 7 Allen, 125. *Barker* v. *Barrows,* 138 Mass. 578.  *Loomis* v. *Boston,* 331 Mass. 129.

A decree is to be entered dismissing the bill.

*So ordered.*