ROSSLYN B. VALLENTINE & others *vs.* WILLIAM JACOBSON & another. February 1, 1968. The plaintiffs (Group A) own land (Lot A) just west of Boston park land (Lot C) at the southwesterly corner of the intersection of Commonwealth Avenue with Chestnut Hill Avenue. On Chestnut Hill Avenue the defendants (Group B) own Lot B, bounded on the south by Lot A and on the east by Lot C. The Superior Court upheld a zoning change to permit a high-rise apartment on Lot C, which lot Group A planned to buy. While an appeal to this court was pending, Group A made two 1958 agreements with Group B, pursuant to which Group B withdrew its appeal and agreed to refrain from protesting any building by Group A on Lot C, and Group A paid certain counsel fees and imposed restrictions on Lot A for the benefit of Lot B. Group A in April, 1961, cancelled its agreement to buy Lot C. The city park commission then arranged to sell Lot C to Turner Associates Trust, to which Group A had agreed to sell Lot A and with which Group A was to participate in some way in the venture on Lot C. In December, 1961, one of Group B joined in a taxpayers' suit to enjoin the sale of Lot C to the Turner trust. In this, the Attorney General intervened in January, 1962. See *Jacobson* v. *Parks & Recreation Commn. of Boston,* 345 Mass. 641. Group A by the present bill seeks restitution from Group B by rescission of the deeds

imposing restrictions on Lot A and return of the counsel fees paid. From a final decree dismissing the bill, Group A appeals. Group A has not established (on either the judge's findings or the reported evidence) that Group B knew of Group A's interest in the Turner acquisition of Lot C until long after the Attorney General's intervention in the taxpayers' suit, or that (see our holdings in the taxpayers' suit, 345 Mass. 641, 644) Group B (even if a material breach of the 1958 agreements was committed by a member of Group B joining in the taxpayers' suit) caused any substantial injury to Group A in view of the Attorney General's control of that suit. In the circumstances we do not exercise jurisdiction (see *Orebaugh* v. *Badger*, 279 Mass. 54, 61; Restatement: Restitution, § 108, Contracts, § 354; Corbin, Contracts, § 1120; cf. *Rayner* v. *McCabe*, 319 Mass. 311, 314) to order restitution or rescission.

*Decree affirmed.*

*S. Myron Klarfeld* for the plaintiffs.
*Morris M. Goldings* for the defendants.