JAMES ATHAS & others *vs.* MAYOR OF HOLYOKE & others.

Hampden.    October 8, 1969. — November 4, 1969.

Present: WILKINS, C.J., CUTTER, KIRK, SPIEGEL, & REARDON, JJ.

*Equity Pleading and Practice,* Suit to enforce observance of purpose of conveyance, Parties, Amendment.

A demurrer on the ground of want of necessary parties was properly sustained under G. L. c. 214, § 3 (11), to the original bill in a suit in equity commenced only by three inhabitants of a city and a corporation owning land there to enforce an alleged purpose of a conveyance made to and accepted by the city that the land conveyed should be "forever used for public park purposes." [384–385]

Where it appeared in a suit in equity to enforce an alleged trust in a conveyance made to and accepted by a city that the suit had been commenced only by three inhabitants of the city and a corporation owning land there, that a demurrer to the bill properly had been sus-

tained under G. L. c. 214, § 3 (11), for want of necessary parties, that a motion to add six individual inhabitants of the city as plaintiffs and certain parties as defendants had been denied, and that there had been no attempt to amend the bill to seek relief by mandamus against the appropriate municipal officers, it was held that it was within the discretion of a judge to deny a motion by the plaintiffs for leave to file a substitute bill amplifying the original bill and adding the city, the grantor's successor and the Attorney General as defendants. [385]

BILL IN EQUITY filed in the Superior Court on May 16, 1967.

An interlocutory decree denying a motion for leave to file a substitute bill was entered by *Tisdale,* J., and a final decree dismissing the bill was entered by *Coddaire,* J.

*James F. Freeley, Jr.,* for the plaintiffs.

*Samuel W. Ripa* for the defendants.

CUTTER, J. Three inhabitants of Holyoke and a corporation owning land there by their bill (the original bill) sought declaratory and injunctive relief. They named as defendants the mayor, the aldermen, and the members of the school committee of Holyoke.

The original bill described an area in Holyoke comprising twenty-six acres (the locus), and then made substantially the following allegations. The locus had been used as a public park and a playground since 1907. In 1966 the school committee determined that the locus was "necessary" for a school site. The aldermen voted in favor of a transfer of the locus for use for school purposes. The Legislature purported to authorize this use by St. 1967, c. 174, with respect to about fourteen acres of the locus. The locus had been conveyed to the city by Holyoke City Hospital by deed dated August 31, 1907. A copy of the deed is attached to the original bill. It contained the provision, "It is part of the consideration of this deed that the land herein conveyed is to be forever used for public park purposes."

A demurrer to the original bill was sustained on the grounds that the bill did not set forth facts warranting relief to the plaintiffs and that it appeared from the bill "that there exists a want of necessary parties." The plaintiffs moved to amend the bill (first proposed amendment) to

add six more individual inhabitants as plaintiffs, to add certain parties defendant, and to refer more specifically to "an enforceable general public obligation or trust" concerning the locus. This motion to amend was denied.[1] The plaintiffs also sought to file a substitute bill which somewhat amplified the original bill and attempted to add the city, Holyoke Hospital (formerly Holyoke City Hospital), and the Attorney General as named defendants. The motion to make this amendment was denied. From this action and from a final decree dismissing the bill, the plaintiffs appealed.

1. If the locus was not acquired by the city in 1907 subject to a specific trust, it was "held . . . [by the city] only in its municipal capacity . . . for the benefit of the general public subject to the power of the Legislature to authorize its sale." *Brooks* v. *Boston*, 334 Mass. 285, 287. See *Loomis* v. *Boston*, 331 Mass. 129, 131–132; *Wakefield* v. *Attorney Gen.* 334 Mass. 632, 636; *Jacobson* v. *Parks & Recreation Commn. of Boston*, 345 Mass. 641, 643. See also *Vallentine* v. *Jacobson*, 353 Mass. 769; *Winchester* v. *Cox*, 129 Conn. 106, 110–114. The plaintiffs contend, however, that the language of the deed of August 31, 1907, imposed a trust upon the city's holding of the locus. See *Nickols* v. *Commissioners of Middlesex County*, 341 Mass. 13, 18–25; *Salem* v. *Attorney Gen.* 344 Mass. 626, 630–631; Scott, Trusts (3d ed.) § 351; Bogert, Trusts and Trustees (2d ed.) §§ 34, 324; Restatement 2d: Trusts, § 351. The 1907 deed is ambiguous. We refrain from deciding whether its provisions, taken with other allegations of the bill, sufficiently allege the existence of a valid public or charitable trust. The case can be dealt with on the grounds set forth below.

2. General Laws (Ter. Ed.) c. 214, § 3 (11), specifically places within the concurrent jurisdiction in equity of this court and the Superior Court suits "to enforce the purpose . . . of any . . . conveyance which has been . . . made to

---

[1] The plaintiffs also filed a motion to add one more inhabitant of Holyoke as a plaintiff and a motion to refer in a new paragraph to the interest of the Attorney General. No action was taken on these motions.

and accepted by any . . . city . . . for a specific purpose . . . in trust or otherwise . . . ." It is provided, however, that "[s]uch a suit shall be commenced only on petition of the attorney general or, by leave of court, on petition of ten tax-payers of such . . . city." It is further provided that in the case of a petition by ten taxpayers, "the attorney general shall be served with notice of the preliminary petition for leave." No compliance with this last mentioned provision has been alleged, and the Attorney General has not been joined as a party and has not intervened. See *Jacobson* v. *Parks & Recreation Commn. of Boston,* 345 Mass. 641, 644, 646. He has not authorized the bill to be brought in his name, and the original bill was not brought by ten taxpayers as plaintiffs. The demurrer to the original bill thus was properly sustained on the ground of want of parties.

3. It was within the discretion of the trial judge to deny leave to amend by filing the substitute bill. See *Foster* v. *Shubert Holding Co.* 316 Mass. 470, 477; *Fryefield* v. *Boston Diaper Serv. Inc.* 338 Mass. 401, 404. Cf. *McDade* v. *Moynihan,* 330 Mass. 437, 441–446. There had been no complete compliance with the prerequisites to suit under G. L. c. 214, § 3 (11). There had been no attempt by amendment (see G. L. c. 231, § 51, and § 55, as amended by St. 1935, c. 318, § 6; cf. *Fulton* v. *Belmont,* 333 Mass. 64) to seek relief by mandamus (see the *Nickols* case, 341 Mass. 13, 18, 27, *supra*) to require the appropriate municipal officers to enforce the provisions of the 1907 deed, so far as still enforceable. The judge may reasonably have thought that any litigation of the issues which the plaintiffs seek to present for decision could better be done by the initiation of wholly new proceedings joining all appropriate parties.

*Interlocutory decree denying motion for leave to file a substitute bill affirmed.*

*Final decree affirmed.*