69 P.3d 351 (2003)
WASHINGTON PUBLIC TRUST ADVOCATES, a Washington nonprofit corporation, ex rel. The City of Spokane, a Washington first class charter city, and Washington Public Trust Advocates ex rel. Spokane Parking Public Development Authority, a City of Spokane Washington public development authority, Appellants,
v.
CITY OF SPOKANE, a Washington first class charter city; Cowles Publishing Company, Citizens Realty Co., Lincoln Investment Company, River Park Square LLC, RPC II, LLC, Betsey Cowles, individually and Betsey Cowles and James Meyer, husband and wife; R.W. Robideaux & Company, Robert W. Robideaux individually, and Robert W. Robideaux and Karen B. Robideaux, husband and wife; Nordstrom, Inc.; Orville L. Barnes, individually, and Orville Barnes and Marjorie L. Barnes, husband and wife; Phyllis Holmes, individually; and Phyllis Holmes and John Doe 1, husband and wife; Jack Geraghty, individually; Roberta Green, individually, and Roberta Green and Nathaniel D. Green, husband and wife; Mike Brewer individually and Mike Brewer and Jane Doe Brewer, husband and wife; Jeff Colliton, individually, and Jeff Colliton and Jane Doe Colliton, husband and wife; Spokane Downtown Foundation; David Broom, individually, and David Broom and Jane Doe Broom, husband and wife; Christine Schnug, individually, and Christine Schnug and John Doe Schnug, husband and wife; Thomas White, individually, and Thomas White and Jane Doe White, husband and wife, Respondents.
No. 21711-6-III.
Court of Appeals of Washington, Division 3, Panel Five.
May 20, 2003.
*352 Stephen K. Eugster, Eugster Law Offices, Spokane, WA, for Appellants.
Leslie R. Weatherhead, Robert S. Magnuson, William F. Etter, Raymond F. Clary, Etter, McMahon, Lamberson & Clary, Spokane, WA, Peter M. Vial, Barbara H. Schuknecht, Cyrus R. Vance, McNaul, Ebel, Nawrot, Seattle, WA, Meriwether D. Williams, Michael T. Howard, Winston & Cashatt, Laurel H. Siddoway, David Groesbeck, Randall & Danskin, James C. Banta, Spokane, WA, James L. Robart, Dan J. Donlan, Lane, Powell, Spears, Lubersky, Seattle, WA, Ronda Denise Larson, Mercer Island, WA, Michael F. Connelly, City Attorney, Spokane, WA, for Respondents.
BROWN, C.J.
In connection with the downtown Spokane River Park Square parking improvements, Washington Public Trust Advocates (WPTA) brought a "taxpayers' derivative action," *353 naming both the City of Spokane and the Spokane Parking Public Development Authority (SPPDA) as plaintiffs without their consent. The trial court dismissed the suit under CR 12(b)(6), concluding no legal basis existed in Washington for a citizen to file an unauthorized complaint in the name of a governmental entity. WPTA appealed. We affirm.

FACTS
In the 1990s, the City and property owners of the River Park Square Mall designed plans to redevelop the mall in downtown Spokane. Redevelopment was complete in the latter part of the 1990s. In January 2002, WPTA filed a 59-page complaint, primarily arguing the approval process for the redevelopment project was improper; therefore, certain agreements are void or voidable.
WPTA is a non-profit Washington corporation, of which Stephen K. Eugster is the principal member. WPTA alleges taxpayer status. The other plaintiffs listed on the complaint are the City and SPPDA. Neither of these parties consented to the lawsuit. WPTA named numerous individuals and corporations associated with the redevelopment as defendants. Initially, the City was named as a defendant. After the motion proceedings were initiated, SPPDA was added as a party-defendant.
Nordstrom, Inc. requested dismissal, arguing a citizens' group is not authorized to bring an action in the name of a governmental entity as plaintiff without the entity's permission and/or a statutory grant of authority. The other defendants joined Nordstrom's motion. In response, WPTA argued its suit is a "taxpayers' derivative action" and that such actions have been recognized at common law. Clerk's Papers at 90. The trial court agreed with Nordstrom and dismissed under CR 12(b)(6). WPTA appealed. Our Supreme Court transferred WPTA's appeal to this court.

ANALYSIS
The issue is whether the trial court erred by dismissing WPTA's complaint for failure to state a claim upon which relief can be granted under CR 12(b)(6). WPTA mainly argues its complaint should not have been dismissed because its action is a taxpayers' derivative action, which is recognized in common law.
We review a trial court's ruling on a motion to dismiss for failure to state a claim upon which relief can be granted de novo. Berst v. Snohomish County, 114 Wash.App. 245, 251, 57 P.3d 273 (2002) (citing Cutler v. Phillips Petroleum Co., 124 Wash.2d 749, 755, 881 P.2d 216 (1994)). "Courts should dismiss under this rule only when it appears beyond a reasonable doubt that no facts justifying recovery exist." Id. The allegations of the complaint are presumed true for the purpose of the motion. Id.
A taxpayers' derivative suit is an action brought by a taxpayer on behalf of himself or herself and as representative of a class of similarly situated taxpayers to seek relief from illegal or unauthorized acts of public officials. 74 AM. JUR. 2D Taxpayers' Actions § 1 (2001) (citing State ex rel. Conrad v. Langer, 68 N.D. 167, 277 N.W. 504, 508 (1937)) "In the absence of statutory provisions to the contrary, the general rule is that a taxpayer must sue in the taxpayer's own name, in behalf of him or herself and other taxpayers similarly situated." 74 AM. JUR. 2D Taxpayers' Actions § 69 (citing Blanding v. City of Las Vegas, 52 Nev. 52, 280 P. 644, 650 (1929)). A governmental entity is not a necessary party plaintiff, unless required by statute. 74 AM. JUR. 2D Taxpayers' Actions § 69 (citing Blanding, 280 P. at 651; Athas v. Mayor of Holyoke, 356 Mass. 382, 252 N.E.2d 208, 210 (1969)).
Taxpayers' derivative suits are certainly recognized at common law. Crampton v. Zabriskie, 101 U.S. 601, 609, 25 L.Ed. 1070 (1879). Moreover, Washington recognizes "`litigant standing to challenge governmental acts on the basis of status as a taxpayer.'" Robinson v. City of Seattle, 102 Wash.App. 795, 804-05, 10 P.3d 452 (2000) (quoting State ex rel. Boyles v. Whatcom County Superior Court, 103 Wash.2d 610, 614, 694 P.2d 27 (1985)). Taxpayers need not allege a direct, special, or pecuniary interest in the outcome *354 of the suit, but must demonstrate that their demand to the governmental entity to initiate the action was refused, unless such a request would have been useless. Robinson, 102 Wash.App. at 805, 10 P.3d 452 (citing City of Tacoma v. O'Brien, 85 Wash.2d 266, 269, 534 P.2d 114 (1975)).
Based on the above, taxpayers' actions are recognized in Washington, but must be brought in the name of the taxpayers on behalf of the governmental entity. Here, WPTA filed its complaint in its name and the City and SPPDA's names, without the governmental entities' consent. Significantly, under the City's charter only the city attorney or appointed special counsel may represent the City during legal proceedings. Spokane City Charter, Article IV, §§ 29 and 33.
As Nordstrom correctly points out, the question posed by WPTA at the trial level was not whether Washington recognizes taxpayers' derivative suits. Rather, the question was whether WPTA as a non-profit corporation can maintain a lawsuit in the City and SPPDA's names without their consent to the representation. WPTA cannot.
In sum, to the extent WPTA seeks our approval of a new cause of action recognizing a right to bring suit by a non-profit corporation alleging taxpayer status on behalf of governmental entities for the purpose of indirectly contesting presumably discretionary governmental actions, we decline to do so. The style of the present case does not appear well framed as a taxpayers' derivative action. We hold the trial court did not err in dismissing WPTA's complaint based on failure to state a claim upon which relief can be granted.
Affirmed.
WE CONCUR: SCHULTHEIS and KURTZ, JJ.